[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12275

_____

D.C. 5:12-cr-00082-MP-EMT

BLAKE COLLIER,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 12, 2015)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Collier filed suit in federal district court seeking the writ of habeas corpus pursuant to 28 U.S.C. §2554, after the state courts had rejected on the merits his post-conviction claim of ineffective assistance of counsel for failure of his trial counsel to seek another formal evaluation and hearing to determine his competence to stand trial.  Collier's claim was also rejected in the district court.  Collier appeals.

After oral argument and careful review of the record, we conclude that the judgment of the district court should be affirmed.  We seriously doubt that Collier's trial counsel provided deficient performance pursuant to Strickland v. Washington, 466 U.S. 668, 102 S.Ct. 2052 (1984).  We therefore doubt that there was an unreasonable application of Strickland when the state court held that his performance was not deficient.  In any event, we conclude that Collier cannot satisfy the prejudice prong of Strickland, and thus that Collier's ineffective assistance of counsel claim must fail.

Even if defense counsel were deficient (e.g., if there were a bona fide doubt as to Collier's competence on April 17, 2007 and there should have been another formal hearing before the trial), Collier must still show that counsel's deficient performance prejudiced him.  Collier acknowledges that, to prove the prejudice

2

prong of his ineffective assistance of counsel claim, he must demonstrate that there is a reasonable probability that he was actually tried, convicted and sentenced while he was not in fact competent to stand trial.  The test for determining competence to stand trial is "whether a criminal defendant [1] 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and [2] whether he has a rational as well as factual understanding of the proceedings against him.'"  Drope v. Missouri, 420 U.S. 162, 171, 95 S. Ct. 896, 903 (1975) (quoting Dusky v. United States, 362 U.S. 402, 402, 80 S. Ct. 788, 788 (1960)).

We have carefully reviewed the relevant transcripts.  We agree with the State that the transcripts, especially those of the April 27, 2007, pretrial hearing and of the trial and sentencing itself, affirmatively demonstrate that Collier had the present ability to consult with his lawyer with a reasonable degree of rational understanding, and had a rational as well as factual understanding of the proceedings against him.  In particular, immediately before trial, Collier's colloquy with the state trial judge – with respect to his decision to proceed with his then attorney and his decision to waive trial by jury and submit his case to the trial judge in a bench trial – revealed a clear and intelligent understanding of the proceedings against him, and a clear ability to consult rationally and effectively with his lawyer to further his defense.  Indeed, his reasoning, as explained to the

trial judge in deciding to waive jury trial, was not only rational, it was nuanced and sophisticated. Furthermore, at the trial itself, Collier's discussions with the trial judge reflected that he was well aware of the medications he was taking, and his colloquy with the trial judge and his lawyer about whether or not to testify showed that he was thinking rationally about his defense and consulting effectively with his lawyer.

For the foregoing reasons,[1] we conclude that Collier has not demonstrated that there is a reasonable probability that Collier was not competent to stand trial when he was tried and sentenced. In other words, Collier has failed to satisfy the prejudice prong of Strickland. It necessarily follows that Collier has not established that the challenged state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of Strickland.

Thus, the judgment of the district court is

AFFIRMED.

---

[1]    The single comment by Collier at sentencing, referring again to "that evil pact with the devil" does not persuade us that Collier has carried his burden to demonstrate a reasonable probability that he was incompetent to stand trial. That single comment occurred at the end of trial proceedings at which Collier had demonstrated a clear ability to understand the proceedings against him and to rationally and effectively consult with his lawyer to further his defense. Moreover, the comment is cast in the past tense, referring to the "evil pact" as having occurred in the past when he was he was "sick in my mind."